IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY CROSS, ) | |
| No. B85560, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00254-JPG |
| ) | |
| PAT QUINN, ) | |
| S.A. GODINEZ, ) | |
| ILLINOIS PRISONER REVIEW BOARD, ) | |
| UNKNOWN MEMBERS OF THE ) | |
| ILLINOIS PRISONER REVIEW BOARD, ) | |
| ANGELA CHANCY, ) | |
| DALE ENGLEMANN, ) | |
| MICHAEL ATCHISON, ) | |
| RICK HARRINGTON, ) | |
| KIM BUTLER, ) | |
| JAMES RYAN, ) | |
| SUE HILL, ) | |
| UNKNOWN OFFICERS, and ) | |
| SARA JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Timothy Cross, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on his being returned to prison for a violation of the terms of his parole without a hearing and opportunity to present witnesses on his behalf. More specifically, he claims he was sent back to prison without being able to explain that the gun found in the couch cushions of his residence belonged to his brother, who is a security guard.

Plaintiff claims all defendants "turned a blind eye to his situation," thereby denying him the equal protection of the laws, as guaranteed under the Fourteenth Amendment; he also alleges

the defendants have subjected him to cruel and unusual punishment with deliberate indifference, suggesting an Eighth Amendment violation.

Plaintiff characterizes his complaint as a proposed class action for declaratory relief, monetary damages and unspecified injunctive relief. As defendants, Plaintiff names 13 defendants, ranging from the governor of Illinois, to the Prisoner Review Board that is charged with parole revocation decisions, to the wardens and assistant wardens of the prison, a counselor, correctional officers, and an arbitrator.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Governor Quinn and S.A. Godinez, Director of the Illinois Department of Corrections, are named as defendants only because of their "supervisory" positions. The doctrine of *respondeat superior* is not applicable to Section 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff has not alleged that Quinn and Godinez were "personally responsible for the deprivation of a constitutional right." *Id.*   Therefore, Quinn and Godinez will be dismissed with prejudice.

Although Plaintiff has vaguely asserted personal involvement or knowledge on the part of all other named defendants, the complaint contains no more than conclusory assertions, without sufficient factual underpinnings to make out plausible claims under the *Twombly* pleading standard. However, merely re-drafting the complaint cannot save this case—at least not in the near future.

With respect to the "prison" defendants—Atchison, Harrington, Butler, Ryan, Hill, Johnson and unknown correctional officers—no claim can be stated against them for failing to believe Plaintiff's assertion that he was wrongly imprisoned. The Prison Review Board is charged with making parole revocation decisions. 20 Ill.Admin. § 1610.140. Consequently, jailers need not be open to persuasion that a person is wrongfully in custody; rather, state and federal law allows for review of such errors. *Hernandez v. Sheahan*, 455 F.3d 772, 777-78 (7th Cir. 2006); *Atkins v. City of Chicago*, 631 F.3d 823, 828 (7th Cir. 2011). Therefore, the "prison" defendants must be dismissed.

Even if Plaintiff were to properly plead civil rights claims against the Prison Review Board—including defendants Chancey, Englemann and other unknown members of the Board—those claims would be barred.

Cross is attempting to attack the revocation decision and his actual imprisonment, any civil rights claims that, if successful, would necessarily undermine the parole revocation decision and Plaintiff's imprisonment cannot proceed until the underlying revocation decision has been set aside. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Case v. Milewski,* 327 F.3d 564, 568-69 (7th Cir.2003). These *Heck*-barred claims shall be dismissed without prejudice to a future civil right action, once the revocation decision has been set aside.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against **PAT QUINN**, **S.A. GODINEZ**, **MICHAEL ATCHISON**, **RICK HARRINGTON**, **KIM BUTLER**, **JAMES RYAN**, **SUE HILL**, **SARA JOHNSON** and **UNKNOWN OFFICERS** are all **DISMISSED with prejudice**, because Plaintiff has failed to state any claims against them upon which relief can be granted.

**IT IS FURTHER ORDERED** that all claims against I**LLINOIS PRISONER REVIEW BOARD**, **ANGELA CHANCEY**, **DALE ENGLEMANN** and **UNKNOWN MEMBERS OF THE ILLINOIS PRISONER REVIEW BOARD** are **DISMISSED without prejudice**, pursuant to *Heck v. Humprey*, 512 U.S. 477, 486-87 (1994).

Judgment shall be entered accordingly.  This case is closed.

**IT IS SO ORDERED.**

**DATED: March 17, 2014**

                *s/ J. Phil Gilbert*
                **United States District Judge**